**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEE NAM YOU and KYUNG SOON KIM, for themselves and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>JAPAN, HIROHITO, AKIHITO NOBUSKE KISHI, SHINZO ABE, NYK LINE (NORTH AMERICA), NIPPON YUSEN KABUSHIKI KAISHA, NISSAN MOTOR CO., LTD., NISSAN NORTH AMERICA, INC., TOYOTA MOTOR CORPORATION, TOYOTA MOTOR SALES, U.S.A., INC., HITACHI, LTD., HITACHI AMERICA, LTD., NIPPON STEEL & SUMITOMO METAL U.S.A., INC., NIPPON STEEL & SUMIMOTO METAL CORPORATION, MITSUBISHI CORPORATION (AMERICA), MITSUBISHI GROUP, MITSUI & CO. (U.S.A.), INC., MITSUI GROUP, OKAMOTO INDUSTRIES, INC., SANKEI SHIMBUN, CO. LTD., and DOES 1-1000, inclusive,<br><br>      Defendants. | No. C 15-03257 WHA<br><br>**ORDER RE DEFENDANT SANKEI SHIMBUN CO., LTD.'S MOTION FOR ALTERNATIVE DOCUMENT PRESERVATION PROCEDURES** |

**INTRODUCTION**

In this putative personal injury class action involving claims against numerous defendants for alleged sexual violence during World War II, one defendant, a newspaper business, seeks permission to preserve documents by alternative means to the Court's required procedures. For the reasons stated below, defendant's motion is **GRANTED**.

**STATEMENT**

Plaintiffs Hee Nam You and Kyung Soon Kim bring claims against numerous politicians and vehicle manufacturers for their conduct during World War II that allegedly contributed to sexual violence against them when they were kept as "comfort women" for members of the Japanese military. Plaintiffs have also named Sankei Shimbun, Co., Ltd., which publishes a daily newspaper, as a defendant. Sankei is accused of conspiring with one other defendant Shinzo Abe, the Prime Minister of Japan, in order to make defamatory statements by publishing articles that posit that plaintiffs were "voluntary prostitutes" (Amd. Compl. ¶¶ 133–157).

Paragraph 4 of this Court's Supplemental Order to Order Setting Initial Case Management Conference in Civil Cases provides (Dkt. No. 26):

> As soon as a party has notice of this order, however, the party shall take such affirmative steps as are necessary to preserve evidence related to the issues presented by the action, including, without limitation, interdiction of any document-destruction programs and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

Counsel for Sankei has taken steps to comply with Paragraph 4, and it already retains an electronic, searchable database of all of its articles back to 1992. One step that it has taken includes retaining the versions of articles that are placed in a proprietary application used for laying out each edition of the newspaper. Although that application currently retains a back catalog of 90 days, retention for longer than that could slow down the system or cause it to crash. Sankei notes that it could install a new storage system, but that such installation would cost $18 million and could take up to eight months (Ando Decl. ¶ 27–33)

Sankei has filed an administrative motion for miscellaneous relief pursuant to Civil L.R. 7-11, and seeks permission to employ an alternative method of preserving the documents as used in the proprietary application, namely by preserving articles only if they contain one of several relevant search terms. Plaintiffs oppose this request.

**ANALYSIS**

Sankei believes that it could preserve all potentially-discoverable documents by searching the proprietary application, twice a month, for all articles including the term "comfort women (ian-fu)," and preserving them in a searchable environment not subject to auto-delete.

2

Nevertheless, it proposes broadening its process to preserve all articles containing any of the following terms: "comfort women (ian-fu)," "sex slavery (sei-dorei)," "coercive recruitment (kyosei renkou)," or "prostitute (baishun-fu)." Sankei has already run several searches using these terms and found they yielded duplicative results, but it will use the broader search terms out of an abundance of caution (Ando Decl. ¶ 42). Because this alternative mechanism would not cease "all ongoing erasures of electronically-recorded material," but rather only the set of materials containing the proposed search terms, Sankei seeks court approval of this alternative document-preservation method.

Plaintiffs argue that Sankei's proposed solution could lead to the destruction of evidence of its state of mind in selecting and editing its articles, since the version of articles in the proprietary application are the only versions that reflect a particular intermediary stage of bringing those articles to publication. Plaintiffs argue that Sankei's state of mind could be relevant to their claims of defamation and intentional infliction of emotional distress.

Plaintiffs contend that the proposed search terms are insufficient because Sankei has also used the term "voluntary corps (teishintai)" in articles about comfort women. Plaintiffs do not, however, argue that articles with that term would not have otherwise been preserved under the proposed search terms, nor have they identified any other search terms that should be included.

This order finds that Sankei's proposal, if amended to include the term "voluntary corps (teishintai)," is sufficiently broad to preserve the versions of articles in the proprietary application that may be related to the issues in this case.

## CONCLUSION

For the reasons stated above, Sankei's proposal, as modified above, is **GRANTED**.

**IT IS SO ORDERED**

Dated: September 16, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3