1    Krista M. Enns (SBN:  206430)
     kenns@winston.com
2    WINSTON & STRAWN LLP
     101 California Street
3    San Francisco, CA  94111-5802
     Telephone:     (415) 591-1000
4    Facsimile:     (415) 591-1400

5    Kimball R. Anderson (*pro hac vice* pending)
     kanderso@winston.com
6    Samuel Mendenhall (*pro hac vice* forthcoming)
     smendenh@winston.com
7    WINSTON & STRAWN LLP
     35 West Wacker Drive
8    Chicago, IL 60601-9703
     Telephone:     (312) 558 5600
9    Facsimile:     (312) 558 5700

10   Attorneys for Defendant
     NISSAN NORTH AMERICA, INC.

11

12                    UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14                       SAN FRANCISCO DIVISION

15

16   HEE NAM YOU AND KYUNG SOON KIM          )   Case No.  3:15-cv-03257-WHA
     for themselves and on behalf of all other   )
17   similarly situated,                      )
                                              )
18                    Plaintiffs,             )   DEFENDANT NISSAN NORTH AMERICA,
                                              )   INC.'S NOTICE OF MOTION AND
19            v.                              )   MOTION TO DISMISS FIRST AMENDED
                                              )   COMPLAINT; MEMORANDUM OF
                                              )   POINTS AND AUTHORITIES IN
20   JAPAN, *et al.*,                         )   SUPPORT THEREOF
                                              )
21                    Defendants.             )
                                              )
                                              )   Date:     December 10, 2015
22                                            )   Time:     8:00 a.m.
                                              )   Place:    Courtroom 8, 19th Floor
23                                            )   Judge:    Honorable William H. Alsup
                                              )
24                                            )   Complaint Filed: July 13, 2015
                                              )   First Am. Complaint Filed: August 31, 2015
25                                            )
                                              )
26   _____  )

27

28

Winston & Strawn LLP
101 California Street
San Francisco, CA  94111-5802

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      INTRODUCTION ................................................................................................ 2

II.     STATEMENT OF ISSUES .................................................................................. 2

III.    STATEMENT OF ALLEGATIONS .................................................................... 2

IV.     LEGAL STANDARD........................................................................................... 4

V.      ARGUMENT ....................................................................................................... 4

        A.      Plaintiffs' Claims Against NNA Raise a Non-Justiciable Political Question.............. 4

        B.      Plaintiffs' Claims Against NNA Are Time-Barred. .................................................. 5

VI.     CONCLUSION.................................................................................................... 6

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

i

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Corrie v. Caterpillar, Inc.*,
  503 F.3d 974 (9th Cir. 2007) .................................................................3

*Guerrero v. Gates*,
  442 F.3d 697 (9th Cir. 2003) .................................................................6

*Jablon v. Dean Witter & Co.*,
  614 F.2d 677 (9th Cir. 1990) .................................................................4

*Joo v. Japan*,
  413 F.3d 45 (D.C. Cir. 2005) ................................................................1

*Stoll v. Runyon*,
  165 F.3d 1238 (9th Cir. 1999), *as amended* (Mar. 22, 1999) ..................5

STATUTES, RULES AND REGULATIONS

Fed. R. Civ. P. 12(b)(1)...............................................................................1, 3

Fed. R. Civ. P. 12(b)(6)...............................................................................1, 4

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 10, 2015, at 8:00 a.m., or as soon thereafter as counsel may be heard by the above-entitled court, located at Courtroom 8 on the 19th Floor at 450 Golden Gate Avenue, San Francisco, California, 94102, Defendant Nissan North America, Inc. ("NNA"), will, and hereby does, move this Court for an order dismissing the First Amended Complaint (Dkt. 22) under Federal Rule of Civil Procedure 12(b)(1)—because the claims in the Amended Complaint raise a non-justiciable political question—and under Rule 12(b)(6)—because the claims in the Amended Complaint are time-barred for the same reasons set forth in this Court's Order Granting Defendant Mitsui & Co. (U.S.A.), Inc.'s Motion to Dismiss ("Order," Dkt. 76).

Plaintiffs' allegations against NNA are similar to those they made against Mitsui. Plaintiffs' claims suffer from the same flaws identified by the Order. It appears that Plaintiffs are seeking to hold NNA vicariously liable for the alleged wrongs asserted against its alleged parent. As set forth in the contemporaneously filed motion for summary judgment, NNA did not even exist until 1960, at least 15 years after the events alleged in the operative complaint. Notwithstanding this fatal fact, even assuming that Plaintiffs can raise claims against NNA, "that begs the question whether those claims (against the parent) were extinguished by the 1965 Treaty between Japan and Korea," which "was exactly the question resolved in *Joo* [*v. Japan*, 413 F.3d 45 (D.C. Cir. 2005)]." *Id.* at 5:25-26. This Court adopted the reasoning of *Joo* and dismissed the Plaintiffs' claims against Mitsui "inasmuch as they present a non-justiciable political question." *Id.* at 6:3-6. For these same reasons, the claims against NNA should be dismissed. Furthermore, each allegation that gives rise to Plaintiffs' claims against NNA occurred more than 70 years ago, well beyond the longest statute of limitations on any of Plaintiffs' claims, ten years. While the Amended Complaint summarily alleges equitable tolling and equitable estoppel (1st Am. Compl. (Dkt. 22) ¶¶ 157, 89, respectively), it alleges no facts to support these summary references, and the Court has already found "nothing has prevented our plaintiffs from knowing or proving the extent of their injuries within the limitations period." Order (Dkt. 76) at 8:18-19.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

1

DEFENDANT NISSAN NORTH AMERICA, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 3:15-cv-03257-WHA

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, all pleadings and papers on file herein, and upon such further argument or evidence as may be presented at or before the hearing on this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      INTRODUCTION

With an order dated November 3, 2015, the Court granted the motion to dismiss the Amended Complaint filed by Defendant Mitsui & Co. (U.S.A.) ("Mitsui") on two grounds: "plaintiffs' claims [against Mitsui] must be dismissed because they present a non-justiciable question, and they are time-barred."  Order (Dkt. 76) at 4:8-9.  As discussed herein, Plaintiffs make virtually the same allegations against NNA that they made against Mitsui.  Therefore, for the same reasons, the Court should dismiss the Amended Complaint as to NNA.

### II.     STATEMENT OF ISSUES

1.      Whether the First Amended Complaint must be dismissed for lack of subject matter jurisdiction because it presents a non-justiciable political question.

2.      Whether the First Amended Complaint fails to state a claim upon which relief can be granted because each of the claims therein is time-barred.

### III.    STATEMENT OF ALLEGATIONS

"Plaintiffs He Nam You and Kyung Soon Kim are residents and citizens of the Republic of Korea."  Order (Dkt. 76) at 1:27-28.  They allege that "they were abducted by the Japanese government during the Second World War, forced into servitude, and exploited as sex slaves for the benefit of Japanese soldiers at 'comfort stations' in Japan."  *Id.* at 1:28-2:2.

"Plaintiffs bring claims against five overlapping categories of defendants, which they refer to as 'wartime defendants,' 'corporation defendants,' 'headquarter defendants,' 'subsidiary defendants,' and 'individual defendants.'"  *Id.* at 2:3-5.  They categorize NNA as a "Wartime Defendant," a "Corporation Defendant," and a "Subsidiary Defendant."  1st Am Compl. (Dkt. 22) ¶¶ 27-30; *compare* Order at 2:5-6 ("Defendant Mitsui & Co. (U.S.A.), Inc., is identified as a member of the wartime, corporation, and subsidiary categories.").  They allege that NNA "is a U.S.

Winston & Strawn LLP
101 California Street
San Francisco, CA  94111-5802

2

subsidiary of Defendant NISSAN MOTOR CO., LTD. ("NISSAN")." 1st Am. Compl. (Dkt. 22) ¶ 42; *compare* Order (Dkt. 76) at 2:6-7 ("Mitsui & Co. (U.S.A.) is a subsidiary of defendant Mitsui & Co., Ltd., which is based in Japan.").

The allegations in the Amended Complaint refer generally to "NISSAN," although Plaintiffs do not identify whether that term refers to NNA, or Nissan Motor Co., Ltd., or both. 1st Am. Compl. (Dkt. 22) ¶ 42. Similarly, as the Order notes, the Amended Complaint makes allegations as to "'MITSUI' (without specifying which Mitsui entity)." Order (Dkt. 76) at 2:9. The Amended Complaint alleges that "NISSAN provided and sold motor vehicles including many types of trucks to Japanese government for military and civil uses especially during the period of War." 1st Am. Compl. (Dkt. 22) ¶ 42. Similarly, Plaintiffs allege in the Amended Complaint that "Defendant MITSUI provided or sold products such as financial support, vessels, trucks, ammunitions and other arms to Japanese government during the War period so that it could wage the War continuing the atrocities to the Plaintiffs." *Id.* ¶ 47. Plaintiffs also allege that "[i]n the present case, the Plaintiffs were transported in the vessel and truck manufactured and sold by Defendant NISSAN to Japanese government." *Id.* ¶ 42. Plaintiffs make a similar allegation as to MITSUI: "In the present case, the plaintiffs were transported in the train and vessel manufactured and sold by Defendant." *Id.* ¶ 47. Plaintiffs further contend that "[b]y doing so, Defendant NISSAN not only willfully and wrongfully realized huge profit from the transactions which facilitated the atrocities but purposefully and intentionally conspired to and participated in these atrocities against Plaintiffs." *Id.* ¶ 42. Likewise, Plaintiffs allege that Defendant MITSUI "not only willfully and wrongfully realized huge profit from the transactions which facilitated the atrocities but purposefully and intentionally conspired to and participated in these atrocities against Plaintiffs." *Id.* ¶ 47

Plaintiffs assert seven claims against NISSAN (the same seven claims asserted against MITSUI): (1) crimes against humanity in violation of the Alien Tort Statute (Count 1); (2) cruel, inhuman, or degrading treatment in violation of the Alien Tort Statute (Count 2); (3) conspiracy to commit the crime against humanity in violation of the Alien Tort Statute (Count 3); (4) aiding and abetting torture, in violation of the Torture Victims Protection Act of 1991 (Count 4); (5) intentional

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

3

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

infliction of emotional distress (2d Count 5[1]); (6) battery (Count 6); and (7) violation of the Racketeer Influenced & Corporate Organizations Act (Count 7). *Id.* ¶¶ 209, 222, 241 263, 273, 280.

## IV.    LEGAL STANDARD

Where a case presents a political question, a court lacks subject matter jurisdiction to decide that question and therefore is subject to a Rule 12(b)(1) challenge. *Corrie v. Caterpillar, Inc.*, 503 F.3d 974, 982 (9th Cir. 2007) ("We hold that if a case presents a political question, we lack subject matter jurisdiction to decide that question."). Likewise, when a complaint, on its face, is barred by the statute of limitations, the appropriate method to challenge the complaint is Rule 12(b)(6). *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1990) ("If the running of the statute is apparent on the face of the complaint, the defense may be raised by a motion to dismiss.").

## V.    ARGUMENT

### A.    Plaintiffs' Claims Against NNA Raise a Non-Justiciable Political Question.

Plaintiffs' claims against NNA—like its claims against Mitsui—present a non-justiciable political question and therefore must be dismissed. As noted above, the apparent basis for Plaintiffs' allegations against NNA—that it is alleged to be "a U.S. subsidiary" of a Japanese company—is the same as the apparent basis for their allegations against Mitsui. *Compare* 1st Am. Compl. (Dkt. 22) ¶ 42 (NNA); *with id.* ¶ 47.

But as the Order sets forth, any such claims implicate a non-justiciable political question. That is:

> In 1951, Japan entered into a treaty of peace with the Allied Powers. 3 U.S.T. 3169, TIAS No. 2490 (1951). Article 14 of the 1951 Treaty required Japan to pay certain reparations to the Allied Powers "for the damage and suffering caused by it during the war." Additionally, the 1951 Treaty included a waiver of all "claims of the Allied Powers and their nationals arising out of any actions taken by Japan and its nationals in the course of the prosecution of the war." Article 26 of the 1951 Treaty obligated Japan to enter into "bilateral" treaties with non-Allied states "on the same or

---

[1] The first Count Five is a claim for defamation brought against Defendant Shinzo Abe and Defendant Sankei Shimbun, Co. Ltd. 1st Am. Compl. ¶¶ 252-61. The second Count Five is a claim for intentional infliction of emotional distress "against all defendants." *Id.* at 60 & ¶¶ 262-71.

4

DEFENDANT NISSAN NORTH AMERICA, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 3:15-cv-03257-WHA

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

> substantially the same terms as are provided for in the present treaty." In 1965, Japan
> entered into a treaty with the Republic of Korea. Section 1 of Article II of the 1965
> Treaty "settled completely and finally" all claims between the parties and their
> nationals, including those addressed in the 1951 Treaty. 583 U.N.T.S. 258, 260
> (1965).

*Id.* (Dkt. 76) at 4:16-25. For this reason, with respect to Mitsui, the Court held: "Even if plaintiffs could establish that Mitsui & Co. (U.S.A.) can be liable for the torts of its parent, that begs the question whether those claims (against the parent) were extinguished by the 1965 Treaty between Japan and Korea. That was exactly the question resolved in *Joo*." *Id.* at 5:24-26. "Ultimately, because the plaintiffs' claims would have required the *Joo* court to resolve competing interpretations of a treaty between Korea and Japan, the case was dismissed as a non-justiciable political question." *Id.* at 5:19-21.

In considering Mitsui's motion to dismiss, the Court held that "[a]lthough *Joo* is not binding in our circuit, it is the only appellate authority on point, and this order adopts its thorough reasoning, which was informed by the position of the United States." *Id.* at 6:2-5. As such, it concluded "plaintiffs' claims against Mitsui & Co. (U.S.A.) must be dismissed, inasmuch as they present a non-justiciable political question." *Id.* at 6:5-6. For this same reason, the claims against NNA should be dismissed.

### B.  Plaintiffs' Claims Against NNA Are Time-Barred.

Each allegation giving rise to Plaintiffs' claims against NNA occurred more than 70 years ago. "The longest limitations period on any of plaintiffs' claims is ten years, under the Alien Torts Statute." Order (Dkt. 76) at 6:19-20.

In an attempt to get around this problem, the Plaintiffs summarily allege in the Amended Complaint that equitable tolling and equitable estoppel apply. With respect to the former, they allege: "The statute of limitations should be tolled against the Wartime Defendants because when a defendant intentionally misinformed or concealed information from the plaintiff, the equitable tolling is applied." 1st Am. Compl. ¶ 157. As to the latter, they allege: "Defendants including

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

1   Defendant JAPAN have purposefully and intentionally concealed or manipulated the evidences

2   showing direct control and involvement of Japanese government." *Id.* ¶ 89.

3       "'Equitable tolling applies when the plaintiff is prevented from asserting a claim by wrongful

4   conduct on the part of the defendant, or when extraordinary circumstances beyond the plaintiff's

5   control made it impossible to file a claim on time.'" Order (Dkt. 76) at 7:12-15 (quoting *Stoll v.*

6   *Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999), *as amended* (Mar. 22, 1999)).  Plaintiffs fail to allege

7   either.  With respect to Mitsui, the Court found that "nothing has prevented our plaintiffs from

8   knowing or proving the extent of their injuries within the limitations period."  *Id.* at 8:18-19.  The

9   same reasoning applies to NNA.

10       Likewise, "'Equitable estoppel, also termed fraudulent concealment, halts the statute of

11   limitations when there is "active conduct by a defendant, above and beyond the wrongdoing upon

12   which the plaintiff's claim is filed to prevent the plaintiff from suing in time."  The plaintiff must

13   demonstrate that he relied on the defendant's misconduct in failing to file in a timely manner . . . .'"

14   Order (Dkt. 76) at 6:27-7:3 (quoting *Guerrero v. Gates*, 442 F.3d 697, 706–07 (9th Cir. 2003)).  As

15   to the paragraph alleging equitable estoppel, the Court found "[t]hat conclusory allegation is not

16   entitled to a presumption of truth on a motion to dismiss and therefore cannot establish fraudulent

17   concealment.  Moreover, the Japanese government's admission of its role in the recruitment of

18   comfort women occurred in 1993, still more than a decade beyond the limitations period for any of

19   plaintiffs' claims against Mitsui & Co. (U.S.A.)."  *Id.* at 7:6-10.  This same reasoning applies to any

20   assertion of equitable estoppel as to NNA.

21   **VI.    CONCLUSION**

22       For the foregoing reasons, Defendant Nissan North America, Inc., respectfully requests that

23   the claims against it be dismissed.

24   Dated:  November 5, 2015          WINSTON & STRAWN LLP

25

26                   By:   */s/* Krista M. Enns
                     Krista M. Enns

27                        Kimball R. Anderson
                     Samuel Mendenhall

28                        Attorneys for Defendant
                     NISSAN NORTH AMERICA, INC.

6