Krista M. Enns (SBN: 206430)
kenns@winston.com
WINSTON & STRAWN LLP
101 California Street
San Francisco, CA 94111-5802
Telephone: (415) 591-1000
Facsimile: (415) 591-1400

Kimball R. Anderson (*pro hac vice* pending)
kanderso@winston.com
Samuel Mendenhall (*pro hac vice* forthcoming)
smendenh@winston.com
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601-9703
Telephone: (312) 558 5600
Facsimile: (312) 558 5700

Attorneys for Defendant
NISSAN NORTH AMERICA, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| HEE NAM YOU AND KYUNG SOON KIM, for themselves and on behalf of all other similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>JAPAN, *et al.*,<br><br>    Defendants. | Case No. 3:15-cv-03257-WHA<br><br>**DEFENDANT NISSAN NORTH AMERICA, INC.'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:  December 10, 2015<br>Time:  8:00 a.m.<br>Place:  Courtroom 8, 19th Floor<br>Judge:  Honorable William H. Alsup<br><br>Complaint Filed: July 13, 2015<br>First Am. Complaint Filed: August 31, 2015 |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................................. 1

II. STATEMENT OF ISSUES PRESENTED........................................................................... 1

III. STATEMENT OF ALLEGATIONS AND FACTS.............................................................. 1

IV. SUMMARY JUDGMENT STANDARD ............................................................................. 3

V. ARGUMENT ........................................................................................................................ 4

VI. CONCLUSION..................................................................................................................... 5

i

DEFENDANT NISSAN NORTH AMERICA, INC.'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
CASE NO. 3:15-CV-03257-WHA

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) ................................................................................................3, 4

*Cabalceta v. Standard Fruit Co.*,
    883 F.2d 1553 (11th Cir. 1989) ....................................................................................4

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) .....................................................................................................3

*Dania Jai-Alai Palace, Inc. v. Sykes*,
    450 So. 2d 1114 (Fla. 1984) .........................................................................................4

*Matsushita Elec. Indus. Co. v. Zenith Radio*,
    475 U.S. 574 (1986) .....................................................................................................3

*Rivera v. Philip Morris, Inc.*,
    395 F.3d 1142 (9th Cir. 2005) ......................................................................................3

**STATUTES, RULES AND REGULATIONS**

Fed. R. Civ. P. 56(c) ............................................................................................................1, 3

Local Rule 56 .........................................................................................................................1

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

ii

DEFENDANT NISSAN NORTH AMERICA, INC.'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
CASE NO. 3:15-CV-03257-WHA

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 10, 2015, at 8:00 a.m., or as soon thereafter as counsel may be heard by the above-entitled court, located at Courtroom 8 on the 19th Floor at 450 Golden Gate Avenue, San Francisco, California, 94102, Defendant Nissan North America, Inc. ("NNA"), will, and hereby does, move this Court for an order under Federal Rule of Civil Procedure 56 and Local Rule 56 granting summary judgment as to NNA on all of Plaintiff Hee Nam You's ("You's") and Kyung Soon Kim's ("Kim's") claims against NNA. Plaintiffs have not presented and cannot present sufficient evidence to create a genuine issue of material fact as to any of their claims because, among other reasons, NNA did not exist when the alleged wrongdoing occurred.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities in support of the Motion, the Declaration of Lori McPherson and the exhibit attached thereto, all pleadings and papers on file herein, and upon such further oral and documentary evidence as may be presented at or before the hearing on this Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

As set forth in the First Amended Complaint, all of the wrongful conduct alleged against NNA occurred between 1931 and 1945. 1st Am. Compl. (Dkt. 22) ¶ 2. NNA did not exist until 1960, well after Plaintiffs' allegations took place. Because NNA did not exist at the time Plaintiffs' allegations against it occurred, the undisputed material facts demonstrate that each of Plaintiffs' claims against NNA fail as a matter of law.

### II.   STATEMENT OF ISSUES PRESENTED

Can a company that did not exist during World War II be held liable for alleged wrongs that purportedly occurred during that war?

### III.   STATEMENT OF ALLEGATIONS AND FACTS

NNA's corporate existence is a matter of public record. *See* McPherson Decl., Ex. A. NNA was incorporated under the laws of California on September 28, 1960, as Nissan Motor Corporation

1

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

USA, Inc. *Id.* In 1999, Nissan Motor Corporation USA, Inc., changed its name to Nissan North America, Inc. *Id.* Prior to 1960, NNA did not exist. *Id.*

Plaintiffs bring this action against NNA for alleged wrongful acts committed between 1931 and 1945 during World War II, at least 15 years before NNA was created. 1st Am. Compl. (Dkt. 22). Plaintiffs allege that between 1931 and 1945, they, along with other victims, were kidnapped, abducted, forced, or defrauded by Defendant Japan. *Id.* ¶ 2. They allege that they were then forced to engage in sexual acts against their wills. *Id.* ¶ 3.

Plaintiffs name 20 defendants, including NNA, classifying them into various different categories. *Id.* ¶¶ 26-31. Plaintiffs categorize NNA as a "Wartime Defendant," a "Corporation Defendant," and a "Subsidiary Defendant." *Id.* ¶¶ 27-30. Plaintiffs allege that as a "Wartime Defendant," NNA engaged in the following causes of action between 1931 and 1945: crimes against humanity (Count 1), violation or prohibition against cruel, inhuman, or degrading treatment under the Alien Tort Statute (Count 2), conspiracy to commit a crime against humanity (Count 3), Intentional Infliction of Emotional Distress ("IIED") (2d Count 5[1]), battery (Count 6), and Racketeer Influenced & Corporate Organizations Act ("RICO") (Count 7). *Id.* ¶¶ 209, 222, 263, 273, 280. Moreover, Plaintiffs claim that NNA is a "Subsidiary Defendant" since it is a subsidiary of named Defendant Nissan Motor Co, Ltd. *Id.* ¶ 42. As such, Plaintiffs allege that between 1931 and 1945, NNA engaged in aiding and abetting (Count 4), IIED (2d Count 5), and RICO (Count 7). *Id.* ¶¶ 241, 263, 280. Plaintiffs further allege that between 1931 and 1945, NNA, as a "Corporation Defendant," "affirmatively evidenced their support for the Japanese government's conduct." *Id.* ¶ 130. Plaintiffs attribute the following causes of action to NNA as a "Corporation Defendant:" IIED (2d Count 5) and RICO (Count 7). *Id.* ¶¶ 263, 280.

The only allegation specific to NNA is contained in Paragraph 42 of the operative complaint. *Id.* ¶ 42. There, Plaintiffs allege that "Defendant NISSAN NORTH AMERICA, INC., is a subsidiary of Defendant NISSAN MOTOR CO., LTD. ("NISSAN")." *Id.* For the rest of the

---

[1] The first Count Five is a claim for defamation brought against Defendant Shinzo Abe and Defendant Sankei Shimbun, Co. Ltd. 1st Am. Compl. (Dkt. 22) ¶¶ 252-61. The second Count 5 is a claim for intentional infliction of emotional distress "against all defendants." *Id.* ¶¶ 262-71.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

operative complaint, Plaintiffs make allegations as to "NISSAN." Plaintiffs do not identify whether that term refers to NNA, or Nissan Motor Co., Ltd., or both. Notwithstanding that it is a matter of public record that NNA was formed in 1960, Plaintiffs allege that "NISSAN has been in the business of manufacturing and sales of motor vehicles in Japan since 1911." *Id.* They further allege: "Ever since their initial periods, Defendants NISSAN provided and sold motor vehicles including many types of trucks to Japanese government for military and civil uses especially during the period of War. In the present case, the Plaintiffs were transported in the vessel and truck manufactured and sold by Defendant NISSAN to Japanese government. By doing do, Defendant NISSAN not only willfully and wrongfully realized huge profit from the transactions which facilitated the atrocities but purposefully and intentionally conspired to and participated in those atrocities against Plaintiffs." *Id*. ¶ 42.

### IV.   SUMMARY JUDGMENT STANDARD

A motion for summary judgment should be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). To prevail on summary judgment, Defendant need only demonstrate an absence of probative evidence to establish a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once Defendant meets this burden, Plaintiff is required to present concrete evidence, without merely relying on allegations in the pleadings, that there remain genuine factual issues. *Anderson*, 477 U.S. at 256. If the evidence is merely colorable, or is not significantly probative, summary judgment can be granted. *Id*. at 249-50. Thus, Plaintiff must do more than simply contend that "there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). A "mere scintilla of evidence supporting the non-moving party's position is insufficient;" instead, the moving party will win summary judgment unless there is "evidence on which a jury could reasonably find for the non-moving party." *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005).

3

DEFENDANT NISSAN NORTH AMERICA, INC.'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
CASE NO. 3:15-CV-03257-WHA

## V.   ARGUMENT

NNA is entitled to summary judgment because of one critical and irrefutable fact—NNA did not exist when the alleged wrongdoing purportedly occurred. As set forth above, NNA was formerly known as Nissan Motor Corporation USA, Inc., and was incorporated under that name under the laws of California on September 28, 1960. McPherson Decl., Ex. A. In 1999, Nissan Motor Corporation USA, Inc., changed its name to Nissan North America, Inc. *Id*. Therefore, any suggestion that NNA "has been in the business of manufacturing and sales of motor vehicles in Japan since 1911" (1st Am. Compl. (Dkt. 22) ¶ 42) is false.

So too are the allegations that NNA committed certain alleged wrongful acts during World War II from the period between 1931 and 1945. Again, NNA did not exist until 1960, at least 15 years after the alleged acts were committed. McPherson Decl., Ex. A. It did not and could not engage in any of the wrongful acts alleged by Plaintiffs because it did not exist. Thus, Plaintiffs' claims are deficient as a matter of law. *Anderson*, 477 U.S. at 247-48. Entry of summary judgment in favor of NNA against Plaintiffs is proper. A corporation formed years after certain alleged wrongdoing cannot be held responsible for that alleged wrongdoing. *See Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1562 (11th Cir. 1989) (noting that even if a subsidiary could be liable for the acts of its parent, it could not "be liable for any wrongs of [the parent] which took place prior to its incorporation") (citing *Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So. 2d 1114 (Fla. 1984)). Because there is no factual or legal basis to hold NNA liable for the alleged wrongdoing that occurred during World War II, this Court should enter summary judgment in favor of NNA.

/ / /

/ / /

/ / /

4

## VI. CONCLUSION

WHEREFORE, Defendant NNA respectfully requests that this Court grant the Motion for Summary Judgment and enter an Order dismissing NNA from this case with prejudice.

Dated: November 5, 2015                    WINSTON & STRAWN LLP

                                           By:  */s/* Krista M. Enns
                                                Krista M. Enns
                                                Kimball R. Anderson
                                                Samuel Mendenhall
                                                Attorneys for Defendant
                                                NISSAN NORTH AMERICA, INC.

5

DEFENDANT NISSAN NORTH AMERICA, INC.'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
CASE NO. 3:15-CV-03257-WHA