Squire Patton Boggs (US) LLP
Nathan Lane III (State Bar # 50961)
nathan.lane@squirepb.com
Joseph A. Meckes (State Bar # 190279)
joseph.meckes@squirepb.com
275 Battery Street, Suite 2600
San Francisco, California  94111
Telephone:     +1 415 954 0200
Facsimile:      +1 415 393 9887

Attorneys for Defendant
HITACHI AMERICA, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HEE NAM YOU AND KYUNG SOON KIM for themselves and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JAPAN, et al.,<br><br>Defendants. | Case No. 15-cv-03257-WHA<br>CLASS ACTION<br><br>**NOTICE OF MOTION AND MOTION BY DEFENDANT HITACHI AMERICA, LTD. TO DISMISS THE FIRST AMENDED COMPLAINT AND JOIN IN THE MOTIONS TO DISMISS BY NIPPON STEEL & SUMITOMO METAL U.S.A. INC. AND TOYOTA MOTOR SALES, U.S.A., INC.**<br><br>Date:             December 17, 2015<br>Time:            8:00 A.M.<br>Courtroom:   8, 19th Floor<br>Judge:           Hon. William H. Alsup |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on December 17, 2015, at 8:00 A.M., or as soon thereafter as the matter may be heard in the courtroom of the Honorable Judge William H. Alsup of the United States District Court for the Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, California, Courtroom 8 on the 19th Floor, Defendant Hitachi America, Ltd. ("HAL") will and hereby does move to dismiss the First Amended Complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

**RELIEF REQUESTED**

Dismissal of the First Amended Complaint ("FAC") with prejudice for lack of subject matter jurisdiction and failure to state a claim.

**STATEMENT OF ISSUES**

1.   Whether the FAC presents a non-justiciable political question;

2.   Whether the FAC fails to state a claim on which relief can be granted.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On August 31, 2015, Plaintiffs filed the FAC. On November 3, 2015, this Court dismissed all claims asserted by Plaintiffs against defendant Mitsui & Co. (U.S.A.), Inc. ("Mitsui USA"), correctly holding that they present a non-justiciable political question and are time-barred. Order Granting Motion to Dismiss ("Mitsui Order"), ECF No. 76. The claims asserted against Mitsui USA were "Crimes Against Humanity" (Count One), violation of the Alien Tort Statute (Count Two), "Conspiracy to Commit the Crime Against Humanity" (Count Three), "Aiding and Abetting" (Count Four), Intentional Infliction of Emotional Distress (Count Five (the second of two counts so identified)), Count Six (Battery) and Count Seven (RICO). The same claims, and no others, are asserted against HAL, and HAL stands in the same position as Mitsui USA – a U.S. corporation formed years after the end of World War II and the alleged wartime events that give rise to Plaintiffs' claims. Consequently all claims against HAL should be dismissed on the same grounds as set forth in the Mitsui Order. In addition, HAL joins the arguments in Toyota Motor Sales, U.S.A., Inc.'s ("Toyota USA") and Nippon Steel & Sumitomo

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

1  Metal U.S.A., Inc.'s ("NSSM USA") motions to dismiss, (ECF Nos. 80 and 83), including that
2  the FAC should be dismissed because Plaintiffs do not have standing, have failed to allege any
3  basis to pierce the corporate veil and have failed to state a claim on which relief can be granted.[1]
4  For these reasons, the FAC should be dismissed.

## II. FACTS

The general allegations of the FAC are summarized in Mitsui USA's motion to dismiss (ECF No. 32) and in the Mitsui Order (ECF No. 76). Like Mitsui USA, HAL is identified as a "Wartime Defendant," "Corporation Defendant," and "Subsidiary Defendant." FAC ¶¶ 27, 28, and 30. Also like Mitsui USA, HAL did not exist at the time of World War II when Plaintiffs allege they were injured.[2]

The only substantive allegations mentioning HAL are in paragraph 44. That paragraph alleges that "[d]uring the period of the War, Defendant HITACHI[3] provided and sold such products to Japanese government" [sic]; "plaintiffs were transported in the train and vessel which included the products such as locomotives and engine manufactured and sold by Defendant HITACHI;" "HITACHI . . . realized huge profit from the transactions which facilitated the atrocities;" and "purposefully and intentionally conspired to and participated in these atrocities against Plaintiffs." No facts are alleged to support the conclusory assertion that "HITACHI," let alone HAL, profited from, conspired to commit or participated in any torts against Plaintiffs. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

The FAC also alleges no facts to support the assertion that HAL is responsible for the conduct of the other named companies, especially given that HAL did not exist until more than fourteen years after World War II ended and Plaintiffs allege that they were freed and returned

---

[1] Toyota USA joined in the facts and arguments raised by Mitsui USA in ECF Nos. 32 and 41 and HAL also joins those.

[2] HAL was incorporated on October 30, 1959, in New York as Hitachi New York, Ltd. and changed its name to Hitachi America, Ltd. on October 6, 1969. *See* HAL's Request for Judicial Notice ("RJN") and Declaration of Nathan Lane III ("Lane Decl."), Exhibits 1 and 2.

[3] Plaintiffs allege that "Defendant HITACHI AMERICA, LTD. is a U.S. subsidiary of Defendant HITACHI, LTD. ("HITACHI"). *See* ¶ 44.

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

1  home. FAC ¶ 83. *See* Lane Decl., Ex. 1. Plaintiffs allege on unspecified information and
2  unfounded belief that all Subsidiary Defendants are alter egos of all Headquarter Defendants, but
3  plead no facts to support that conclusion. FAC ¶¶ 117-121. The facts that are alleged are wholly
4  conclusory and insufficient to support a plausible claim for relief against HAL. *See Twombly*,
5  550 U.S. at 555; *Iqbal*, 556 U.S. at 678-79.

6  **III.    ARGUMENT**

7      In ruling on Mitsui USA's motion to dismiss, this Court correctly held that the FAC
8  presents a non-justiciable political question and that all of Plaintiffs' claims are time-barred. The
9  Court's reasoning applies equally to HAL, and the claims against HAL should be dismissed on
10 the same grounds.

11     The political question doctrine bars adjudication of claims extinguished by the *Treaty on*
12 *Basic Relations between Japan and the Republic of Korea*, Japan-Rep. of Kor., June 22, 1965,
13 583 U.N.T.S. 43 (the "Treaty of 1965"). *See* Mitsui Order at 4-6. Like Mitsui, HAL is an
14 American company. Like Plaintiffs' claims against Mitsui USA, their claims against HAL are
15 based on the theory that HAL is the alter ego of Hitachi, Ltd., a Japanese company that allegedly
16 sold products to the Japanese government during World War II. *Id.* at 5; FAC ¶ 44. Thus,
17 Plaintiffs' claims against HAL cannot be adjudicated without addressing whether claims by
18 Korean citizens against Japanese entities for World War II-related activities survived the Treaty
19 of 1965. This is a non-justiciable political question. *Id.*; *Joo v. Japan,* 413 F.3d 45, 52-53 (D.C.
20 Cir. 2005) (Claims of Korean "comfort women" present non-justiciable political questions, which
21 are beyond the power of the judicial branch to determine.) As a result, subject matter jurisdiction
22 does not exist. *Corrie v. Caterpillar, Inc.,* 503 F.3d 974, 979 (9th Cir. 2007).

23     Plaintiffs' claims also are time-barred. Like Mitsui USA, the only allegations relating to
24 HAL concern events that occurred 70 years ago, during World War II. Cmplt. ¶ 44. The longest
25 statute of limitations for any of Plaintiffs' purported claims is 10 years, and Plaintiffs have
26 alleged no valid theory of tolling. *See* Mitsui Order at 6-8; *see In re World War II Era Japanese*
27 *Forced Labor Litig.,* 164 F. Supp. 2d 1160, 1179-83 (N.D. Cal. 2001), *aff'd Deutsch v. Turner*
28 *Corp.*, 324 F. 3d 692, 716-18 (9th Cir. 2003). (Forced labor claims of Korean nationals barred by

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

1 applicable statute of limitations; no basis for equitable tolling.)

2     Because Plaintiffs do not claim that HAL itself did anything at all to cause their wartime injuries, their claims against HAL depend entirely on conclusory allegations that HAL can be liable as an alter ego of Hitachi, Ltd. for wartime acts that Hitachi, Ltd. allegedly undertook to support the then-existing government of Japan.[4]  This theory of liability fails as a matter of law and undisputed fact.

    Plaintiffs' alter ego theory seeks to hold a U.S. subsidiary corporation liable for the acts of its parent company.  The legal basis for such liability is sometimes referred to as "outside reverse piercing".  The problem for Plaintiffs, however, is that California courts have rejected outside reverse piercing as a viable legal basis to support holding a corporation liable for the acts of its shareholder.  *Postal Instant Press, Inc. v. Kaswa Corp.*, 162 Cal. App. 4th 1510, 1513, 1519 (2008).  *Accord United States v. Boyce,* 38 F. Supp. 3d 1135, 1156 (C.D. Cal. 2014) (California courts disapprove of the doctrine of outside revere piercing).  Because the legal alter ego theory on which Plaintiffs necessarily rely in an effort to hold HAL liable for the wartime conduct of Hitachi, Ltd. has been rejected in California, Plaintiffs' claims against HAL must also be rejected.

    Not only is Plaintiffs' alter ego theory legally wrong, it is devoid of any factual basis because HAL did not exist until long after World War II.  There can be no alter ego liability assigned to a corporation that did not exist at the time of the alleged injuries.  *See Calbaceta v. Standard Fruit Co.,* 883 F.3d 1553, 1562 (11th Cir. 1989); *Thach v. Tiger Corp.*, 2009 U.S. Dist. LEXIS 62271, at *10-11 (July 20, 2009) (no legal authority to hold corporation liable as alter ego for alleged wrongs that occurred before it came into existence); *Pores v. Purity Milk Co.,* 135 Cal. App. 2d 305, 310 (1955).

    Finally, HAL joins the arguments in Toyota USA's and NSSM USA's motions to dismiss, including that the FAC should be dismissed because Plaintiffs lack standing and because their

---

[4] The allegations that Hitachi, Ltd. can be liable because it manufactured and sold to the Japanese government during the war "commercial products such as locomotives, transformer as well as military arms, including guns and rifles . . .:" would, if sufficient to give rise to claims against Hitachi, permit claims against any Japanese business which supplied products to the Japanese government during the war or against any individual who supported the Japanese war effort in any way.  Plaintiffs have cited no legal authority in support of such a sweeping theory of liability and HAL knows of no such authority.

SQUIRE PATTON BOGGS (US) LLP
275 Battery Street, Suite 2600
San Francisco, California 94111

claims fail for numerous statute-specific reasons. . Plaintiffs' allegations against HAL do not differ from the allegations against Toyota USA and NSSM USA in any way that is relevant to those arguments.

## IV.     CONCLUSION

HAL did not exist until long after World War II ended and Plaintiffs claim they had been freed from their confinement by the Japanese military.  Adjudication of Plaintiffs' claims against HAL would require this Court to decide political questions over which it has no proper subject matter jurisdiction.  Moreover, Plaintiffs' claims against HAL are barred by all applicable statutes of limitation.  In any case, as a matter of law, HAL cannot be liable as an "alter ego" for acts of Hitachi, Ltd. during World War II that could not themselves form a proper basis for liability and in any case took place long before HAL existed.  For these reasons, as well as others urged by other moving defendants, the FAC should be dismissed with prejudice.

Dated:  November 12, 2015          Respectfully submitted,

Squire Patton Boggs (US) LLP

By:     /s/ Nathan Lane III
              Nathan Lane III
              Joseph A. Meckes

Attorneys for Defendant
HITACHI AMERICA, LTD.