**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HE NAM YOU and KYUNG SOON KIM, for themselves and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JAPAN; HIROHITO; AKIHITO; NOBUSKE KISHI; SHINZO ABE; NYK LINE (NORTH AMERICA); NIPPON YUSEN KABUSHIKI KAISHA; NISSAN MOTOR CO., LTD.; NISSAN NORTH AMERICA, INC.; TOYOTA MOTOR CORPORATION; TOYOTA MOTOR SALES, U.S.A., INC.; HITACHI, LTD.; HITACHI AMERICA, LTD.; NIPPON STEEL & SUMITOMO METAL U.S.A., INC.; NIPPON STEEL & SUMITOMO METAL CORPORATION; MITSUBISHI CORPORATION (AMERICA); MITSUBISHI GROUP; MITSUI & CO. (U.S.A.), INC.; MITSUI & CO. LTD.; OKAMOTO INDUSTRIES, INC.; SANKEI SHIMBUN, CO., LTD.; and DOES 1–1000, inclusive,<br><br>Defendants. | No. C 15-03257 WHA<br><br>**ORDER GRANTING PLAINTIFFS' REQUEST TO CONDUCT JURISDICTIONAL DISCOVERY** |

Sankei Shimbun, Co., Ltd., moved to dismiss all claims against it asserting, among other arguments, that this Court lacked personal jurisdiction over it (Dkt. No. 42). Sankei submitted two sworn declarations and supplemental declarations indicating that it did not receive revenue from its news bureaus in the United States (Dkt. Nos. 44, 45, 75-1, 75-2). Plaintiffs made no proffer of what jurisdictional discovery they would seek to conduct in their opposition brief. Further, at the oral argument on Sankei's motion, the following exchange occurred (Tr. at 9) (Attorney Kinser is counsel for Sankei, Attorney Jung is counsel for plaintiffs):

> THE COURT: Well, have the plaintiffs made a request to take discovery on the jurisdictional issues? Has that occurred?
>
> MS. KINSER: No, they haven't, Your Honor.
>
> THE COURT: Is that correct?
>
> MR. JUNG: Yes, Your Honor, yes.

An order dismissed all claims against Sankei for lack of personal jurisdiction (Dkt. No. 122).

Although plaintiffs may not rely on allegations in their complaint in the face of sworn declarations from Sankei tending to defeat personal jurisdiction, plaintiffs are ordinarily entitled to conduct reasonable discovery to go behind the sworn statements to test their veracity and to inquire into other circumstances that would sustain jurisdiction. Issues of personal jurisdiction arise early in litigation and it would be unusual for a plaintiff to have ready access to the jurisdictional facts without the aid of discovery.

Although the Court understood plaintiffs' counsel to forego any opportunity to take jurisdictional discovery, plaintiffs' counsel now state, in the pending motion to allow such discovery, that there was a misunderstanding and that they in fact wish to do so (Dkt. No. 134). The Court will accept counsel's representation that there was a misunderstanding and will allow reasonable jurisdictional discovery to take place.

In analyzing the issue of personal jurisdiction, we must be mindful of the rule set forth in Rule 4(k)(2) that calls for an aggregation of contacts with the nation as a whole, rather than simply focusing on a defendant's contacts with the forum state, given that some claims arise under federal law. *See Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 462 (9th Cir. 2007).

It is noteworthy that Sankei has not identified any other state or federal forum in which it would be subject to personal jurisdiction for these claims. *See id.* at 461. Therefore the issue reduces to whether its contacts with the United States as a whole would support personal jurisdiction. It is true that Sankei has made a showing that personal jurisdiction is lacking, but plaintiffs should be allowed to take reasonable discovery to test the scope, extent, and veracity of Sankei's declarations.

2

Plaintiffs' counsel have pointed to a website, Manta.com, which indicated that Sankei's California office generated fifty-seven thousand dollars in annual revenue and that its Washington, D.C., office generated between five hundred thousand and one million dollars in revenue. Manta.com maintains a database of information about businesses throughout the United States, purportedly drawn from public records, however, it did not indicate a source for its data regarding Sankei. One declaration from Sankei denied, in very conclusory terms, the information in the Manta.com report for Sankei's Washington, D.C., office, but offered no further evidence and did not address the other United States offices (Aoki Supp. Decl. ¶ 7).

It is plausible, even if unlikely, that discovery into the Manta.com information would lead to evidence establishing sufficient contacts with the nation as a whole to sustain personal jurisdiction. Accordingly, this order permits discovery by plaintiffs into the following:

1. The books and records (paper and/or electronic) of Sankei in the United States pertaining to the revenue and other information reported by Manta.com, as well as any other activity that might plausibly support personal jurisdiction.

2. Two depositions (up to seven hours each) of Sankei employees in the United States pertaining to personal jurisdiction.

3. One deposition and document discovery from Manta.com to ascertain the basis for its ascribing the above revenues to Sankei such as, without limitation, direct admissions by Sankei itself as reported to Manta.com.

This discovery is limited to the United States and does not authorize the taking of depositions overseas or propounding requests for documents overseas.

This order does not go so far as to hold on the present record that the Manta.com information would sustain personal jurisdiction. It only holds that the Manta.com information, although hearsay, is in and of itself a reasonable basis to allow discovery on the jurisdictional issue in order to obtain admissible evidence.

Plaintiffs' counsel must initiate all discovery that has been authorized in this order by **THURSDAY, DECEMBER 31, 2015** and must complete all discovery authorized by this order by **FRIDAY, MARCH 18, 2016**. Sankei must cooperate in providing all reasonable discovery and plaintiffs must be reasonable and proportional in propounding their requests. By **THURSDAY,**

3

**APRIL 7, 2016**, plaintiffs' counsel shall submit a supplemental proof of admissible evidence sufficient to establish personal jurisdiction. Sankei may oppose the submission by **THURSDAY, APRIL 21, 2016**. The Court will then decide whether to entertain further oral argument or rule on the papers. This order will not, at this time, address the other issues raised by Sankei in its motion to dismiss.

**IT IS SO ORDERED.**

Dated: December 15, 2015.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE